Fremont-Smith, Thayer, J.
The defendants, who are the City of Cambridge’s Neighborhood Conservation Commission, its Historical Commission, its Inspection Services Department and the individual members of those agencies, have moved for partial summary judgment dismissing Counts VI and VII of the Verified Complaint, which allege a violation of 42 U.S.C. §§1988 and 1983 based on defendants’ denial of permits to the plaintiff for his renovation and rebuilding of the building on plaintiffs premises.
The Verified Complaint alleges “an action pursuant to M.G.L. ch. 231A, §1 et seq. and M.G.L.c. 40C, §§12A and 13 ... in the nature of an appeal. . . and that all of the actions described above constitute a taking under the Fifth Amendment of the United States Constitution and a conscience-shocking deprivation of Greenup’s right to use and enjoyment of his property under 42 U.S.C. §1983.”
It is clear, then, that plaintiffs cause of action for violation of the United States Constitution requires there be facts upon which it could be found that defendants’ actions constituted a “taking” of his property or “a conscience-shocking deprivation of plaintiffs right to use and enjoyment of his properly.”
A “taking” requires facts upon which it could be found that “a plaintiff has been denied all economically viable use of the properly” so that there “remains no permissible or beneficial use for that property.” City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 700, 704 (1999). Here, the record is devoid of any facts, disputed or otherwise, upon which a jury could reasonably find that plaintiff was completely deprived by defendants’ actions of plaintiffs beneficial use of the property, or denied all economically viable use thereof, so as to constitute a “taking” in violation of the constitution.
Recently, in Mongeau v. City of Marlborough, 492 F.3d 14 (1st Cir. 2007), the First Circuit rejected a frustrated developer’s federal constitutional substantive due process claim under 42 U.S.C. §1983 asserted against a town official. The Court ruled that ordinarily, in a land use context, such a claim will not lie except in extraordinarily “outrageous” circumstances that “shock the conscience.” Id. at 19. Even taking the plaintiffs allegations in that case as true, which included the claim that the building official did not approve the building permit because the plaintiff did not make a payment to the city, the First Circuit did not find the official’s behavior conscience-shocking. Rather it saw “nothing more than a run-of-the-mill dispute between a developer and a town official.” Id. In so ruling, the First Circuit affirmed United States District Court Judge Young’s lower court ruling which had noted “the First Circuit’s express reluctance to recognize any type of section 1983 claim in this particular context.” Mongeau v. City of Marlborough, 462 F.Sup.2d 144, 153 (D.Mass. 2006) (emphasis in original).
Earlier, in Creative Environments, Inc. v. Estabrook, 680 F.2d 822 (1st Cir. 1982), plaintiff had asserted federal constitutional claims pursuant to 42 U.S.C. §1983 alleging, as here, that the town planning board had intentionally delayed and frustrated its subdivision development plan.
The First Circuit rejected the 42 U.S.C. §1983 claims and held:
Every appeal by a disappointed developer from an adverse ruling by a local Massachusetts planning board necessarily involves some claim that the board exceeded, abused, or “distorted” its legal authority in some manner, often for some allegedly perverse (from the developer’s point of view) reason. It is not enough to simply give these state law claims constitutional labels such as “due process” or “equal protection” in order to raise a substantial federal question under section 1983.
Id. at 833.
While it is argued here that defendants backed away from their initial approval of plaintiffs development plans as a result of neighborhood opposition, the agencies’ membership is made up of unpaid volunteers whose susceptibility to neighbors’ opposition, even if proven, would not “shock the conscience” *336 where, as here, no attempted bribery or nefarious conduct is even suggested.
Plaintiffs allegations in this case that the defendant Cambridge officials issued a technically defective stop work order[1] and erroneously imposed the two-year building moratorium provided by a presumptively valid ordinance simply do not make out claims of federal constitutional violations that may be asserted pursuant to 42 U.S.C. §1983, in light of the clear precedents discouraging such claims, which are discussed above. The individual defendants, moreover, cannot be shown to have violated any “clearly established constitutional right,” so as to have lost their immunity from liability for their discretionary official actions. See Elder v. Holloway, 510 U.S. 510, 515-16 (1994), and cases cited; Dobos v. Driscoll, 404 Mass. 634, 646-47 (1989), and cases cited; Anderson v. Creighton, 483 U.S. 635, 639-40 (1987), and cases cited.[2]
ORDER
Accordingly, summary judgment shall be entered against the plaintiff and in favor of all defendants on Counts VI and VII of the Verified Complaint and on all counts in favor of the individual defendants.[3]

 Plaintiff alleges that the requisite written stop work order was never provided.

Indeed, the Verified Complaint alleges no specific wrongful acts by any specified individual defendant.

 This is not to say, with respect to the other counts of the Verified Complaint, which seek a declaration under G.L.c. 231A and G.L.c. 40C that the actions of the city’s agencies were, in any case, otherwise illegal, that a serious issue of material fact is not raised as to whether defendants’ actions were unwarranted. The primary disputed issue for trial is whether plaintiffs actions constituted only a “restoration” and/or an “alteration” of the structure as to which plaintiff already had obtained the necessary permits, or, rather, constituted a “demolition” such as would justify the agencies’ newly-imposed requirement of additional permits.